

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-13-2006

# Horvat v. Forbes Regional Hosp

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3458

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Horvat v. Forbes Regional Hosp" (2006). *2006 Decisions.* Paper 909.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/909

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-3458

_____

DEBORAH S. HORVAT,
                                        Appellant

v.

FORBES REGIONAL HOSPITAL,
a division or subsidiary of
WEST PENN ALLEGHENY HEALTH SYSTEM;
METZ & ASSOCIATES, LTD.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 03-cv-01373)
District Judge: Honorable Terrence F. McVerry

_____

Submitted Under Third Circuit LAR 34.1(a)
on May 16, 2006

Before:  RENDELL and VAN ANTWERPEN, Circuit Judges,
and ACKERMAN*, District Judge.

(Filed: June 13, 2006)

_____

OPINION OF THE COURT

_____

_____
    *  Honorable Harold A. Ackerman, Senior Judge of the United States District Court
    for the District of New Jersey, sitting by designation.

RENDELL, *Circuit Judge*.

Deborah Horvat appeals the District Court's grant of summary judgment in favor of defendants Forbes Regional Hospital and Metz & Associates Ltd. on Horvat's employment discrimination and breach-of-contract claims.[1]  In a thorough and well-reasoned opinion, the District Court concluded that Horvat had not demonstrated, under the test articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), that the defendants' stated reasons for terminating her employment were a pretext for unlawful action, and that the evidence adduced did not support Horvat's claim that Metz breached its employment contract with her.  We agree and will affirm.[2]

**I.**

Horvat began work for Forbes or its predecessor in May of 1975; in June of 2000, she became the Manager of Dietetic Services.  When Forbes outsourced the management of its Dietetic Services Department to Metz in November of 2001, Horvat went to work for Metz, signing a one-year renewable employment contract.  Her job title changed to

---

[1]Our jurisdiction to review this issue arises under 28 U.S.C. § 1291; our review of a district court's decision on summary judgment is plenary, *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000).

[2]Horvat also challenges the District Court's determination that Forbes could not be held liable for any discriminatory employment action against Horvat because it was not a "joint employer" with Metz.  Because we conclude that Horvat's discrimination claim lacks merit, we need not address the "joint employer" aspect of the District Court's decision.  Further, we will refer to Horvat as an employee of Metz, while recognizing that, if the "joint employer" doctrine did apply, she would be deemed an employee of Forbes as well.

General Manager of Dietetic Services.

Over the next several months, as Metz sought to implement a series of changes in Forbes's food services department, Horvat, by her own admission, was unable to "perform all of the management and administrative duties demanded by both Metz and Forbes in as timely a fashion as they demanded." Appellant's Br. at 21. In a June 18, 2002 interim performance review, Horvat received some positive feedback and several satisfactory ratings, but was also informed of Metz's concerns regarding her inadequate job performance and failure to implement Metz's cost-saving and management initiatives. Although the Metz employees who conducted Horvat's review set July 18, 2002 as a target date by which Horvat should demonstrate improvement in several areas, the record does not reflect that she did so. On August 29, 2002, Horvat, who was then 50 years old, was terminated and replaced by a 37-year-old man.

Horvat sued Forbes and Metz in the District Court. In a five-count complaint, she claimed that her termination was the product of gender and age discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. § 591 *et seq.* ("PHRA"), and that it violated the terms of her employment agreement with Metz.

3

**II.**

**A.      The Discrimination Claims**

On appeal, the parties agree that the District Court correctly determined that

Horvat established a prima facie case of age and gender discrimination, and that Metz

had proffered a legitimate, non-discriminatory reason, *i.e.*, Horvat's inadequate job

performance, for her termination.  Under the *McDonnell Douglas* framework, the only

remaining question is whether Horvat set forth sufficient facts to demonstrate that this

reason was a pretext for unlawful action.[3]  411 U.S. at 804.

The standard for evaluating whether a plaintiff has met her burden to demonstrate

pretext at the summary judgment stage is well established:

> [T]o defeat summary judgment when the defendant answers the plaintiff's
> prima facie case with legitimate, non-discriminatory reasons for its action, the
> plaintiff must point to some evidence, direct or circumstantial, from which a
> fact finder could reasonably either (1) disbelieve the employer's articulated
> legitimate reasons; or (2) believe that an invidious discriminatory reason was
> more likely than not a motivating or determinative cause of the employer's
> action.

*Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994).

Reviewing the facts set forth above, the District Court found that Metz terminated

---

[3]Although our analysis speaks only in federal law terms, it applies equally to Horvat's
state law discrimination claims.  *See Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 567
(3d Cir. 2002) ("[T]he PHRA is to be interpreted as identical to federal anti-
discrimination laws except where there is something specifically different in its language
requiring that it be treated differently."); *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir.
1996) (PHRA claims may be treated coextensively with Title VII and ADEA claims).

Horvat because it was not satisfied with her job performance. More specifically, the Court found, the evidence established that Horvat failed to:

> 1) timely complete reports, 2) timely complete Forbes' dietary employee performance evaluations, 3) increase salad bar prices as requested, 4) meet the July 2002 budget, and 5) properly supervise dietary department managers, all of which led to a progressive decrease in patient satisfaction survey results.

Horvat does not dispute the District Court's findings or deny that her job performance was deficient in the ways described above. Instead, she counters that she received some positive feedback in her 2000 and 2001 performance reviews, that she was generally "well-liked" by the people that she supervised, that she continued to perform the "primary function" of her job, despite a severe staffing shortage in the Dietetic Services Department, that her poor performance was attributable to the staffing shortage and that Metz failed to follow its progressive discipline policy when it terminated her.

Analyzing these claims, the District Court concluded: "the evidence upon which Horvat relies is neither demonstrative of sex and/or age discrimination, nor does such evidence demonstrate inconsistencies in the legitimate, nondiscriminatory reasons for her termination as asserted by Metz." On appeal, Horvat argues that the District Court accorded insufficient weight to several of the factors listed above, but does not point to anything in the record that weakens the District Court's conclusion. At most, her argument establishes that Metz failed to give her the benefit of the doubt. Bearing in mind that "the factual dispute at issue is whether discriminatory animus motivated the

employer, not whether the employer is wise, shrewd, prudent or competent," *Fuentes*, 32 F.3d at 764-65, we agree with the District Court that Horvat has not adduced any evidence from which a fact finder could reasonably conclude that the reason proffered for her termination was a pretext for discrimination.

## B.      The Breach-of-Contract Claim

Horvat claims that Metz breached her employment contract when it terminated her without cause and failed to comply with the contract's notice requirements. As the District Court noted, however, paragraph six of the contract authorizes Metz to terminate Horvat "without notice for cause, in the event of . . . ineffectiveness in performance of duties." On appeal, Horvat argues that the determination of "ineffectiveness" is one for the jury and that other evidence in the record establishes that she adequately performed the "primary function" of her job. As discussed above, however, Horvat does not deny that her job performance was deficient in the ways cited by Metz and found by the District Court. Thus, despite Horvat's claims that she effectively performed the "primary" function of her job, undisputed evidence in the record establishes that she performed at least some of the duties of her job ineffectively. The District Court's conclusion that Metz did not breach its contract with Horvat was accordingly proper.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.

_____